C1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. 19cr579 |
| | : | |
| v. | : | Criminal Number: |
| | : | 18 U.S.C. § 1349 |
| JOSEPH CAPO | : | |

## INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

### COUNT ONE
(Wire Fraud Conspiracy)

1. At all times relevant to this Information:

### Individuals and Entities

a. Defendant Joseph Capo ("CAPO") was a resident of New Jersey.

b. Co-Conspirator-1 was a resident of New Jersey.

c. Victim Merchant-1 was a large national retailer with locations throughout the United States including New Jersey.

d. Victim Merchant-2 was a large national retailer with locations throughout the United States including New Jersey.

e. Victim Merchant-3 was a large national retailer with locations throughout the United States including New Jersey.

f. Victim Merchant-4 was a large national retailer with

locations throughout the United States including New Jersey.

2. From as early as in or around September 2013 through in or around October 2015, in Hudson and Bergen Counties, in the District of New Jersey, and elsewhere, defendant

**JOSEPH CAPO**

did knowingly and intentionally conspire with others to devise a scheme and artifice to defraud Merchant-1, Merchant-2, Merchant-3, and Merchant -4 (the "Merchants"), among others, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice to defraud, contrary to Title 18, United States Code, Section 1343.

## **OBJECT OF THE CONSPIRACY**

3. The object of the conspiracy was for defendants JOSEPH CAPO, Co-Conspirator-1 and others known and unknown to enrich themselves unlawfully by using a variety of means to fraudulently obtain merchandise by manipulating employees of the Merchants to unwittingly place money on gift cards that JOSEPH CAPO would then redeem at other Merchant stores.

2

## Manner and Means of the Conspiracy

4. It was part of the conspiracy that defendant JOSEPH CAPO obtained unloaded Merchant gift cards and manipulated or copied the gift card bar codes onto stickers that read "POS Register Reset" (the "Fraudulent Barcodes").

5. It was further part of the conspiracy that defendant JOSEPH CAPO, along with Co-Conspirator-1 and others, known and unknown would travel to the Merchant stores in New York, New Jersey and Pennsylvania and surreptitiously affix the Fraudulent Barcodes to registers within those Merchant locations.

6. It was further part of the conspiracy that defendant JOSEPH CAPO, Co-Conspirator-1 and others, known and unknown, would call the store where they had just placed the Fraudulent Barcodes, purporting to be a Merchant employee and advise the cashier to scan the Fraudulent Barcodes as part of a "register test." In reality, scanning the Fraudulent Barcodes caused the Merchant gift cards to be loaded with money, which the defendant JOSEPH CAPO, Co-Conspirator-1 and others, known and unknown, redeemed at other Merchant stores.

7. It was further part of the conspiracy that each of the Merchants suffered losses as a result of the fraudulent scheme.

8. It was further part of the conspiracy that, to execute and attempt to execute the conspiracy, defendant JOSEPH CAPO and others sent, and

3

caused to be sent, numerous interstate wire communications which were transmitted into and out of the District of New Jersey.

All in violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATION**

1.   As the result of committing the offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in Count One of the Information, defendant JOSEPH CAPO shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said wire fraud conspiracy offense, and all property traceable thereto.

### Substitute Assets Provision

2.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third person;

    (c)   has been placed beyond the jurisdiction of the Court;

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be subdivided without difficulty;

5

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

*Craig Carpenito*
CRAIG CARPENITO
United States Attorney

CASE NUMBER: 19-

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

JOSEPH CAPO

## INFORMATION FOR

18 U.S.C. § 1349

**CRAIG CARPENITO**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

SOPHIE E. REITER
*ASSISTANT U.S. ATTORNEY*
*973-645-6226*