C4



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

19cr579

970 Broad Street, Suite 700   (973) 645-2700
Newark, New Jersey 07102

June 18, 2019

Michael V. Gilberti, Esq.
Jardim, Meisner and Susser, P.C.
30B Vreeland Road, Suite 100
Florham Park, NJ 07932

Re: <u>Plea Agreement with Joseph Capo</u>

Dear Mr. Gilberti:

This letter sets forth the plea agreement between your client, Joseph Capo ("CAPO"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on June 27, 2019 if it is not accepted in writing by that date.

**Charge**

Conditioned on the understandings specified below, this Office will accept a guilty plea from CAPO to a one-count Information charging him with conspiracy to commit wire fraud contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If CAPO enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against CAPO for his conduct in connection with a scheme to fraudulently obtain merchandise from victim merchants ("Merchant-1," "Merchant-2," "Merchant-3" and "Merchant-4," and collectively, the "Merchants") between January 2013 and December 2015. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, CAPO agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by CAPO may be commenced against him, notwithstanding the expiration of the limitations period after CAPO signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1349 to which CAPO agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon CAPO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, any applicable mandatory minimum sentences, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence CAPO ultimately will receive.

In addition to imposing any other penalty on CAPO, the sentencing judge: (1) will order CAPO to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order CAPO to pay restitution pursuant to 18 U.S.C. §§ 3663A; (3) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; (4) may order CAPO, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (5) pursuant to 18 U.S.C. § 3583, may require CAPO to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should CAPO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, CAPO may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), CAPO agrees to pay restitution in the amount of $81,519.20 to the Merchants.

The restitution amount should be paid according to a plan established by the Court.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on CAPO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of CAPO activities and relevant conduct with respect to this case.

## Stipulations

This Office and CAPO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or CAPO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and CAPO waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but

- 3 -

not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

**Forfeiture**

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), CAPO agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offense charged in Count One of the Information.

CAPO further agrees that the value of such property was $95,986.83, that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained the defendant, in an amount not to exceed $81,519.20 (the "Forfeiture Amount") in United States currency (the "Forfeiture Judgment"). CAPO consents to the entry of an order requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. CAPO further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

CAPO waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. CAPO understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any

and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

CAPO further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If CAPO fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that CAPO has intentionally failed to disclose assets on his Financial Disclosure Statement, CAPO agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Immigration Consequences

CAPO understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. CAPO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. CAPO wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. CAPO understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, CAPO waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against CAPO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against CAPO.

No provision of this agreement shall preclude CAPO from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that CAPO received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between CAPO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: SOPHIE E. REITER
Assistant U.S. Attorney

APPROVED:

DARA GOVAN
Chief, Public Protection Unit

I have received this letter from my attorney, Michael Gilberti, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 6-27-19
Joseph Capo

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 6-27-19
Michael Gilberti, Esq.

## Plea Agreement With Joseph Capo

### Schedule A

1. This Office and Joseph Capo ("CAPO") agree to stipulate to the following facts:

    a. The offense involved fraudulent wire transfers in violation of 18 U.S.C. § 1349.

    b. The offense involved a loss of more than $40,000 but not more than $95,000.

    c. The offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

3. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attach, writ, or motion barred by preceding paragraph and to file or to oppose any appeal, collateral; attack, writ or motion not barred by the preceding paragraph.

- 8 -